IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 05-36-1-JJF |
| | : | |
| **ROBERT COOKE,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO SEVER**

The United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Ferris W. Wharton, Assistant United States Attorney, hereby responds to the defendant's Motion to Sever ("Mot." or "Motion"). The motion seeks to sever Counts I through IV of the Indictment, relating to conspiracy to distribute marijuana and marijuana distribution, from Count VII, relating to offering drug paraphernalia for sale through a business the defendant operated with one of his co-conspirators in Count I. For the reasons set forth below, the motion should be denied.

**A. Facts**

The defendant and his two co-defendants, Gwennette and Kenneth Bowman, were indicted by a federal grand jury in the District of Delaware on various drug related counts in a seven count indictment. All three defendants are charged in Count I with conspiracy to distribute marijuana. The defendant alone is charged in Counts II through IV. He is charged with

possession with the intent to distribute marijuana in Counts II and III and with distribution of marijuana in Count IV. Gwenette Bowman is charged with distribution of marijuana in Counts V and VI. Finally, the defendant and Gwenette Bowman are charged in Count VII with offering drug paraphernalia for sale through their business, Teragwen's Leather Toys and Lace.

### B. Argument

The defendant has moved to sever charges related to marijuana distribution and conspiracy to distribute marijuana from the charge relating to offering drug paraphernalia for sale through a business he owned jointly with Gwennette Bowman, one of his co-conspirators in the conspiracy count. He claims that: 1) there is no relationship between the drug paraphernalia business and the marijuana distribution scheme (Mot. at ¶3); 2) that it would "cause undue confusion and prejudice to the defendant to allow the government to present evidence concerning one set of these charges in the trial of the other charges" (Mot. At ¶4); and 3) that it would unduly prejudice his right to testify about one set of charges, but not about the other. (Mot. at ¶5)

#### 1. The Offenses Were Properly Joined Under Rule 8(a).

It appears that the defendant's first severance claim - that there is no relationship between the drug paraphernalia business and the marijuana distribution business - is an argument that the charges are mis-joined. In fact, the offenses are properly joined and the defendant is incorrect in suggesting otherwise.

Rule 8(a) of the Federal Rules of Criminal Procedure permits joinder of offenses against a single defendant where the offenses are "of the same or similar character" or are based on... two or more acts or transactions connected together or constituting parts of a common scheme or

plan." "Rule 8's transaction requirement is flexible and may comprehend a series of many occurrences, depending not so much on the immediateness of their connection as upon their logical relationship." *United States v. Robichaux,* 995 F.2d 565, 569 (5th Cir. 1993) (internal quotation marks omitted). The inquiry into whether offenses are properly joined under Rule 8 focuses on the indictment, not proof that was subsequently produced at trial. *United States v. McGill,* 964 F.2d 222, 241 (3d Cir. 1992); *United States v. Irizzary,* 314 F.3d 273, 287 (3d Cir 2003).

The purpose of the joinder provisions contained in Rule 8 is to promote public interest in judicial economy and the conservation of prosecution resources. *See, e.g., United States v. Gorecki*, 813 F.2d 40, 42 (3d. Cir. 1987); *see also, Buchanan v. Kentucky,* 483 U. S. 402, 418-19; *Richardson v. Marsh,* 481 U.S. 200, 209-10 (1987). As the Seventh Circuit explained, "Rule 8 is construed broadly to allow liberal joinder and thereby enhance the efficiency of the judicial system." *United States v. Curry,* 977 F.2d 1042,1049 (7th Cir. 1992).

The offenses were properly joined because the offenses were of the same or similar character and are parts of a common scheme or plan. All of the offenses - the conspiracy to distribute marijuana charge, the possession with the intent to distribute marijuana charges, the distribution charge and the drug paraphernalia charge - are all drug offenses in violation of the same comprehensive act, the Drug Abuse Prevention and Control Act of Title 21, and hence are of the same or similar character. *United States v. Janus Industries,* 48 F.3d 1548, 1557 (10th Cir. 1995) (holding manufacturing marijuana charge and offering drug paraphernalia for sale charges were of the same or similar character and, thus, properly joined). Moreover, all of the charges are parts of the same common scheme or plan to facilitate the use of marijuana by selling both the

marijuana and the paraphernalia with which the marijuana is consumed.

## 2. The Defendant Is Not Prejudiced By The Joinder Of The Offenses.

The defendant's second and third claims appear to assert prejudice to him as a result of the joinder of the offenses. Severance of properly joined counts may be granted under Rule 14(a) of the Federal Rules of Criminal Procedure if it appears that the defendant is prejudiced by a joinder of offenses. The determination of whether such prejudice exists lies in the sound discretion of the trial court. *United States v. Sandini,* 888 F.2d 300, 305 (3d Cir. 1989); *United States v. Console,* 13 F.3d 641, 654 (3d Cir. 1993). Rule 14 "places the burden of showing prejudice on the defendant seeking severance." *United States v. Eufrasio,* 935 F.2d 553, 568 (3d Cir. 1991). To obtain severance, a defendant must demonstrate that "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants , or prevent the jury from making a reliable judgment about guilt or innocence." *See, Zafiro v. United States,* 506 U.S. 534, 539 (1993) (considering severance of defendants under Rule 14); *see also United States v. Homick-Van Berry,* 2005 WL 1168398 (D. N.J.) (applying *Zafiro* to severance of charges). Severance of offenses under Rule 14(a) in cases where joinder is proper is not a practice favored by the courts. *See, United States v. Pierce,* 733 F.2d 1474, 1477 (11th Cir. 1984). Indeed, there have not been many cases in which courts have granted a defendant such relief. 1A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §222 (3d ed. 1999). The two bases for severance offered by the defendant do not support his claim of prejudice.

The defendant's first claim of prejudice is that trying both the marijuana distribution related charges and the drug paraphernalia charges would "cause undue confusion and prejudice to the defendant." (Mot. at ¶4). The defendant does not explain in his motion how

this confusion and prejudice would occur. The charges themselves are not inherently complicated, nor would it appear that a jury would have any difficulty making a reliable judgment about guilt or innocence. The general claim of prejudice in paragraph 4 of the motion similarly does not meet *Zafiro's* specificity requirement.

Finally, in paragraph 5 of the motion, the defendant does offer a more specific claim of prejudice. There he claims that his right to testify about one set of charges and to refrain from testifying about the other set would be compromised unless the charges are severed.  However, "[N]o need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *United States v. Valentine,* 706 F.2d 282, 291 (10th Cir. 1982). This defendant has made no such showing. As noted in *Janus Industries, supra,* at 1557-8, where the issue on the drug paraphernalia charge is one of intent (that the business was legitimate and not drug related), the fact that the defendant had knowledge of a hidden garden and marijuana plants likely would have been admissible under Fed.R.Evid. 404(b). Similarly, evidence that the defendant was in the business of selling marijuana would be relevant and material to any claim that the defendant's paraphernalia business was legitimate. Accordingly, the defendant has not met his burden of establishing prejudice sufficient to warrant severance of charges for this reason either.

**C. Conclusion**

For the reasons set forth above, the government respectfully requests that the defendant's motion to sever be denied.

          Respectfully submitted

          COLM F. CONNOLLY
          United States Attorney


          By:  /s/ Ferris W. Wharton
          Ferris W. Wharton #945
          Assistant United States attorney
          Nemours Building
          1007 Orange Street, Suite 700
          Wilmington, Delaware 19899
          302-577-6277

Dated: September 28, 2005

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Criminal Action No. 05-36-1-JJF |
| | : | |
| **ROBERT COOKE,** | : | |
| | : | |
| **Defendant.** | : | |

**CERTIFICATE OF SERVICE**

    I, Jennifer Brown, an employee in the Office of the United States Attorney, hereby certify under penalty of perjury that on September 28, 2005, I electronically filed:

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO SEVER**

with the Clerk of Court using CM/ECF. Said document is available for viewing and downloading from CM/ECF, which will send notification of such filing(s) to the following:

Edward C. Gill, Esquire  
Law Office of Edward C. Gill, P.A.  
16 North Bedford Street  
Georgetown, DE 19947-0824  
Attorney for Defendant,  
Robert Cooke  

James E. Liguori, Esquire  
Liguori, Morris & Yiengst  
46 The Green  
Dover, DE 19901  
Attorney for Defendant,  
Gwennette Bowman  

Thomas A. Foley, Esquire  
1326 King Street  
Wilmington, DE 19801  
Attorney for Defendant,  
Kenneth Bowman  

                                                /s/  
                                           Jennifer Brown