IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
UNITED STATES OF AMERICA,     *
                              *
        Plaintiff,            *
                              *
     v.                       *   Cr.A. No. 05-36-1
                              *
ROBERT COOKE,                 *
                              *
        Defendant.            *
```

**<u>DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION TO SUPPRESS</u>**

```
                         LAW OFFICE OF
                         EDWARD C. GILL, P.A.


                         /s/Edward C. Gill
                         Edward C. Gill, Esquire
                         Attorney for Defendant
                         Bar No. 2112
                         16 N. Bedford Street
                         P. O. Box 824
                         Georgetown, DE  19947
                         (302) 854-5400
                         ed@de-law.com
```

DATED: September 28, 2005

1

**LACK OF PROBABLE CAUSE**

The government, in its answering memorandum, claims that there was probable cause evidenced in the Application for Search Warrant to believe that marijuana would be present in Mr. Cooke's home.  However, the facts set forth in the affidavit present absolutely no connection to the defendant's home.  Therefore, there was no probable cause for the issuance of the search warrant.

In fact, any reasonable reading of the application shows that any transactions that defendant Robert Cooke was allegedly involved in occurred at his place of employment located in Smyrna, Delaware.  At paragraph 27 he indicates that the Smyrna Police Department was cooperating with him and would not cause him any problems.  The transactions which allegedly occurred were in Smyrna.

There is no factual connection in the warrant application to Mr. Cooke's home.  The government correctly states that in paragraph 27 there is a reference that Mr. Cooke did not want a dealer coming to his home in the middle of the night so that in fact he wanted to deal with the confidential informant.  However, there was no relationship whatsoever to any time when someone would have allegedly delivered drugs to Mr. Cooke's home so as to make any information relevant and timely, and not stale.

2

Further, the warrant application reveals that defendant was actually interested in purchasing drugs from the confidential informant. The obvious common sense conclusion which should have been drawn from the warrant was that the defendant did not have any drugs at his home. In fact, if the defendant had had drugs at his home he would not have needed to purchase further marijuana from the confidential informant.

In short, what the government is asking for is an exception to the specificity of place requirement of a warrant in all drug cases. The government is asking for this Court simply to assume that all drug dealers would use their homes to house drugs at the time of the issuance of search warrants. There is no case law to support this proposition and this should in fact be rejected.

**GOOD FAITH EXCEPTION NOT APPLICABLE**

The government goes on to argue that even if there is a lack of probable cause for the issuance of a warrant the search should be upheld since the officers acted in good faith. United States v. Leon, 468 U.S. 897 (1984). Defendant Robert Cooke respectfully contends that the illegal conduct of the government is not excused by this doctrine.

This warrant was executed in the State of Delaware by agents of the State of Delaware. The Constitution of the State of Delaware affords greater protection against illegal search and seizures than the United States Constitution. <u>Dorsey v. State</u>, 761 A.2d 807 (De. 2000).

In fact, the Supreme Court of the State of Delaware has ruled that due to the express requirement of probable cause found in the Delaware Constitution the good faith exception set forth in <u>Leon</u> does not apply in the State of Delaware. <u>Dorsey</u>, Id. Therefore, the illegal conduct by the state agents should not be excused under the good faith doctrine. (Also see <u>Nicolette v. Caruso</u>, 315 F. Supp 2.d 710 (W.D. Pa 2003) as application of greater civil rights found in Pennsylvania Constitution applied in Federal Court).

It is recognized that the Federal District Court for the District of Delaware has at least stated in dicta that it is bound by <u>Leon</u> and not bound by <u>Dorsey</u>. <u>United States v. Bell</u>, 2002 WL 1268051 (D. Del.). However, this Court in this case is not bound by <u>Bell</u> and the dicta set forth therein.

Further, as a matter of law and policy to allow evidence which could not be used in the Delaware State courts to be used in the Federal District Court would

4

destroy the deterrence value.  The State agents under those circumstances could simply take the evidence which would not be admissible in a Delaware court system and use it as a basis of a prosecution in a Federal Court.  This clearly is not appropriate.

Even if this court should apply the good faith exception to the facts of this case the good faith exception does not shield the state agents from the results of their illegal search.  The affidavit in this case was so lacking in probable cause as to make any belief in it completely unreasonable. United States v. Hodge, 246 F.3d 301 (3d Cir. 2001).  There was no relationship of the illegal activity to the defendant's home.  In fact, as pointed out in the preceding argument all illegal activity which the defendant was allegedly involved in occurred at his place of employment.

Therefore, for the reasons set forth above defendant respectfully moves that his Motion to Suppress be granted.

                              Respectfully submitted,

                              /s/
                              Edward C. Gill, Esquire
                              Bar ID 2112
                              16 North Bedford Street
                              P.O. Box 824
                              Georgetown, DE  19947
                              302-854-5400
                              ed@de-law.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
|     Plaintiff, | : |
|     v. | : Cr.A.No. 05-36-1 |
| ROBERT COOKE, | : |
|     Defendant. | : |

CERTIFICATE OF SERVICE

    Undersigned counsel certifies that his Reply Memorandum in Support of Defendant's Motion to Suppress is available for public viewing and downloading and was electronically delivered on September 28, 2005 to:

Ferris Wharton, Esquire
Assistant U.S. Attorney
Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware  19899-2046

                                 /s/
                                 Edward C. Gill, Esquire
                                 Bar ID 2112
                                 16 North Bedford Street
                                 P.O. Box 824
                                 Georgetown, DE  19947
                                 302-854-5400
                                 ed@de-law.com

Dated:  May 28, 2005