IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,       :
                                :
        Plaintiff,               :
                                :
    v.                          :Criminal Action No. 05-36-1-JJF
                                :
ROBERT COOKE,                   :
                                :
        Defendant.              :
                                :

### MEMORANDUM ORDER

Pending before the Court is Defendant's Motion To Suppress (D.I. 30). For the reasons discussed, the Motion will be denied.

### I. Background

In August 2003, the Delaware State Police began investigating Gwennette and Kenneth Bowman for drug-trafficking based on information obtained from a confidential informant ("CI1"). (Aff. at 3). In February 2005, the police were contacted by another confidential informant ("CI2"), who had purchased marijuana from Gwennette Bowman. (Id. at 5). After a few controlled purchases conducted through CI2, the police discovered that Defendant was Ms. Bowman's supplier. (Id. at 6). CI2 requested to meet with Defendant, and Ms. Bowman arranged a meeting. (Id.). At the meeting, CI2 and Defendant made arrangements for future transactions, in which CI2 would sell Defendant bulk amounts of marijuana. (Id. at 6-7). A week later, Defendant met with CI2, sold him some marijuana "to hold him over," and the two agreed to meet a few weeks later. (Id).

On March 15, 2005, a transaction took place, where CI2 sold Defendant ten pounds of marijuana for $10,000. (D.I. 2 at 4-5). Shortly after the transaction took place, Defendant was stopped by police, and marijuana and cash were seized from Defendant's car. (Id. at 5). That day, a warrant to search Defendant's residence was issued. (Id.).

## II. Parties' Contentions

By his Motion, Defendant contends that the warrant to search Defendant's residence was lacking in probable cause because the Magistrate Judge had no basis to believe that there was evidence of a crime at Defendant's residence, and thus, the Court should suppress any evidence obtained as a result of the search. (D.I. 30). Defendant further contends that police officers did not act in good faith by relying on the Magistrate Judge's determination of probable cause, and that even if they did, the good faith exception does not apply in Delaware, and thus, should not apply in this case. (D.I. 44). In response, the Government contends that the Magistrate Judge had a substantial basis for finding probable cause, and that even if the Magistrate Judge didn't have a substantial basis, the officers who executed the warrant relied in good faith on the Magistrate Judge's determination, and therefore, any evidence obtained as a result should not be suppressed. (D.I. 42).

### III. Discussion

Prior to issuing a search warrant, a Magistrate Judge must find that there is probable cause to believe that the place to be searched contains evidence of a crime. Illinois v. Gates, 462 U.S. 213, 239 (1983). This requires the Magistrate Judge to "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit...there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238. In making this decision, a Magistrate Judge is permitted to give considerable weight to observations made and inferences drawn by experienced law enforcement officials. United States v. Whitner, 219 F.3d 289, 296 (3d Cir. 2000).

If an issued warrant is later challenged, the reviewing court must determine whether, under the totality of the circumstances, the Magistrate Judge had a substantial basis for finding probable cause. United States v. Hodge, 246 F.3d 301, 305 (3d Cir. 2001)(citing Gates, 462 U.S. at 236). In determining whether the Magistrate Judge had a substantial basis, the Magistrate Judge's determination of probable cause is given great deference. United States v. Ninety-Two Thousand Four Hundred Twenty-Five Dollars and Fifty-Seven Cents, 307 F.3d 137, 146 (3d Cir. 2002).

The Court concludes that the Magistrate Judge had a

substantial basis for finding probable cause to believe that there would be evidence of a crime at Defendant's residence. From the facts set forth in the affidavit, the Magistrate Judge could reasonably conclude that Defendant was a drug dealer. Defendant was introduced by Gwennette Bowman to CI2 as her marijuana supplier. (Aff. at 6). In conversations between Defendant and CI2, Defendant discussed his ability to sell 30 pounds of marijuana in a 42-day cycle and his need for a local source of marijuana. (Id. at 6-7). Also, Defendant purchased ten pounds of marijuana from CI2. (Id.). The Court concludes that the large amount of marijuana requested by Defendant and the fact that Defendant was known as a supplier were sufficient to lead the Magistrate Judge to the reasonable inference that Defendant was a drug dealer.

While the inference that Defendant was a drug dealer does not directly link his residence to any crime, it was permissible for the Magistrate Judge to consider the fact that a person involved with drug trafficking would store evidence of a crime at his residence. Hodge, 246 F.3d at 306-07. However, on the facts presented, the Magistrate Judge could have found probable cause even without considering where a drug dealer would store evidence of a crime. Defendant spoke to CI2 about a partner who would come and go at his residence between drug-related stops in Philadelphia and Connecticut. (Aff. at 7-8). Defendant

4

commented that having a local supplier would cut down on the late-night visits from his partner at his house. (Id.). Additionally, it is reasonable to think that a drug dealer would not keep such large amounts of marijuana in his car. On these facts, the Court concludes that the Magistrate Judge could reasonably infer that Defendant's residence contained evidence of a crime.

Considering the totality of the circumstances, the Court concludes that the Magistrate Judge had a substantial basis for finding probable cause to believe that Defendant's residence contained evidence of a crime.[1] Accordingly, the Court will deny Defendant's Motion To Suppress (D.I. 30).

## ORDER

For the reasons discussed, it is hereby ordered that Defendant's Motion to Suppress (D.I. 30) is **DENIED**.

October **5**, 2005

UNITED STATES DISTRICT JUDGE

---

[1] Because the Court concludes that the Magistrate Judge had a substantial basis, the Court does not reach the question of whether the police officers acted in good faith in relying on the Magistrate Judge's issuance of the warrant.