**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Cr.A. No. 05-36-1 |
| | * |
| ROBERT COOKE, | * |
| | * |
| Defendant. | * |

**DEFENDANT ROBERT COOKE'S REPLY TO GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO SEVER**

LAW OFFICE OF
EDWARD C. GILL, P.A.


/s/Edward C. Gill
Edward C. Gill, Esquire
Attorney for Defendant
Bar No. 2112
16 N. Bedford Street
P. O. Box 824
Georgetown, DE  19947
(302) 854-5400
ed@de-law.com

Defendant Robert Cooke respectfully contends that despite the government's position that this Court should sever Count 7 for purposes of trial.  It is the count which deals with the allegations that the defendants were running a shop which sold drug paraphernalia.

Contrary to the government's position that allegation is not of the same or similar character to the ones that this defendant bought or sold marijuana.  There is no common evidence which would be produced in the trial so that judicial economy would not be served due to the continued consolidation of these counts.

In fact, the government has not been able to connect the store itself to any drug sales.  The alleged sales of drugs took place in an entirely different location and there was no involvement of the business in any of these alleged marijuana sales.

Defendant Robert Cooke also is prejudiced by the continued joinder of these charges.  His right to testify and not to testify as guaranteed under the Delaware and United States Constitutions is infringed upon by bringing both of these charges to trial together.

For example, the defendant may choose to remain silent on the drug paraphernalia count.  The defense is specifically contemplating using the defense of entrapment on the marijuana

count.  If all of these charges go to trial together the defendant's ability to adopt that strategy will be greatly restricted.

The opposite situation is also true.  Defendant Robert Cooke may choose to testify about the drug paraphernalia count.  He may choose to testify that he had no intent to sell illegal drug paraphernalia.  However, if he should choose to remain silent on the marijuana distribution scheme that strategy will be foreclosed.  Defendant Cooke is then placed in an all or nothing situation.

The joinder of these offenses also creates confusion and prejudice.  A juror may believe that simply because someone is involved in a marijuana distribution scheme it is likely that they are selling drug paraphernalia.  They may also take the opposite approach that if someone is selling drug paraphernalia they may be more likely to engage in a marijuana distribution scheme without entrapment.  An instruction to the jury to consider each count separately will not cure human nature.

Therefore, defendant Robert Cooke continues to request that count 7 be severed for purposes of trial.

|  |  |
|---|---|
|  | /s/Edward C. Gill |
|  | Edward C. Gill, Esquire |
|  | Attorney for Defendant |
|  | Bar No. 2112 |
|  | 16 N. Bedford Street |
|  | P. O. Box 824 |
|  | Georgetown, DE  19947 |
| Dated:  October 12, 2005 | (302) 854-5400 |
|  | ed@de-law.com |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Cr.A.No. 05-36-1 JJF |
| ROBERT COOKE, | : |
| Defendant. | : |

CERTIFICATE OF SERVICE

    I, Judy Maddox, secretary to Edward C. Gill, Esquire, hereby certify under penalty of perjury that on October 11, 2005, I electronically filed:

Defendant Robert Cooke's Reply to Government's Opposition to Defendant's Motion to Sever to:

Ferris Wharton, Esquire
Assistant U.S. Attorney
Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware  19899-2046

James Liguori, Esquire
46 The Green
Dover, Delaware  19901
Attorney for Defendant,
Gwynette Bowman

Thomas A. Foley, Esquire
1326 King Street
Wilmington, Delaware  19801
Attorney for Defendant
Kenneth Bowman

                                                                                         /s/_____
                                                                                         Judy Maddox

Dated:  October 12, 2005