IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,          :
                                   :
        Plaintiff,                 :
                                   :
    v.                             :Criminal Action No. 05-36-1-JJF
                                   :
ROBERT COOKE,                      :
                                   :
        Defendant.                 :
                                   :

MEMORANDUM ORDER

Pending before the Court is Defendant's Motion To Sever

(D.I. 29).  For the reasons discussed, the Motion will be

granted.

I.    Background

The Government contends that in August 2003, the Delaware

State Police began investigating Gwennette and Kenneth Bowman,

the co-defendants in this case, for drug-trafficking based on

information obtained from a confidential informant ("CI1").

(Short Aff. ¶ 3).  In February 2005, the police were contacted by

another confidential informant ("CI2"), who had purchased

marijuana from Gwennette Bowman.  (Id. at ¶ 16).  After a few

controlled purchases were consummated through CI2, the police

discovered that Robert Cooke ("Defendant") was Ms. Bowman's

supplier and also her co-partner in business at Teragwens Leather

and Lace ("Teragwens").  (Id. at ¶ 19).  CI2 requested a meeting

with Defendant, and Ms. Bowman arranged one.  (Id.).  At the

meeting, CI2 and Defendant made arrangements for future

transactions, in which CI2 would sell Defendant bulk amounts of marijuana. (Id. at ¶ 21). A week later, Defendant met with CI2, sold him some marijuana "to hold him over," and the two agreed to meet a few weeks later. (Id. at ¶ 22). On March 12, 2005, a police officer visited Teragwens and observed drug paraphernalia offered for sale. (Id. at ¶ 43). On March 15, 2005, CI2 sold Defendant ten pounds of marijuana for $10,000. (D.I. 2 at 4-5). Shortly after this transaction occurred, Defendant was stopped by police, and the marijuana and cash were seized from Defendant's car. (Id. at 5). That day, warrants were issued to search, inter alia, Defendant's residence, the Bowmans' residence, and Teragwens. (Id.).

## II.  Parties' Contentions

By his Motion, Defendant contends that Counts I through IV of the Indictment, which pertain to the alleged marijuana distribution scheme, should be severed from Count VII, which charges Defendant and Ms. Bowman with offering drug paraphernalia for sale. Defendant contends that there is no relationship between the crimes, such that putting Defendant on trial for both simultaneously would cause undue prejudice and confusion and would impede Defendant's right to testify. In response, the Government contends that the counts against Defendant were properly joined and that Defendant is not unduly prejudiced by the joinder.

## III.  Discussion

A.    Whether The Counts In The Indictment Were Properly
      Joined Under Federal Rule Of Criminal Procedure 8

Federal Rule of Criminal Procedure 8 provides:

(a)  Joinder of Offenses.  The indictment or
information may charge a defendant in separate counts
with 2 or more offenses if the offenses charged--
whether felonies or misdemeanors or both--are of the
same or similar character, or are based on the same act
or transaction, or are connected with or constitute
parts of a common scheme or plan.

(b)  Joinder of Defendants.  The indictment or
information may charge 2 or more defendants if they are
alleged to have participated in the same act or
transaction, or in the same series of acts or
transactions, constituting an offense or offenses.  The
defendants may be charged in one or more counts
together or separately.  All defendants need not be
charged in each count.

Fed. R. Crim. P. 8.  While it appears that Rule 8(a) would apply

where a defendant is contesting the joinder of offenses, the

Third Circuit has suggested that in "a multi-defendant case...

'the tests for joinder of counts and defendants [are] merged into

Rule 8(b).'"  United States v. Irizarry, 341 F.3d 273, 287 (3d

Cir. 2003) (quoting United States v. Somers, 496 F.2d 723, 729

n.8 (3d Cir. 1974)).  However, in United States v. Eufrasio, 935

F.2d 553, 570 (3d Cir. 1991), the Third Circuit indicated that

the Rule 8(a) standard could be the appropriate standard to apply

for the joinder of multiple counts against a single defendant,

even if multiple defendants are involved in the case.  Irizarry,

341 F.3d at 287 n.4.  Since Eufrasio, the Third Circuit has not

3

provided further guidance on this issue.  See United States v. McGill, 964 F.2d 222,241 (3d Cir. 1992); Irrizary, 341 F.3d at 287 n.4.  The importance of this issue is that Rule 8(a) is more expansive than Rule 8(b), in that Rule 8(a) allows an additional ground for joinder, i.e. when the offenses "are of the same or similar character."  Id.

The Court concludes that the instant offenses "arise out of a common series of acts or transactions," and thus, joinder is appropriate under both Rules 8(a) and 8(b).  Eufrasio, 935 F.2d at 570 n.20.  During the investigation that led up to the indictment, the police obtained information that Teragwens was being used as front for the alleged marijuana distribution scheme.  (Short Aff. ¶ 5, 16).  Contrary to Defendant's assertion that "the government has not been able to connect the store itself to any drug sales," (D.I. 47 at 2), the Government has offered evidence, which establishes that CI2 met with Ms. Bowman at Teragwens to set up marijuana purchases.  (Short Aff. ¶ 16).  Additionally, there is evidence that the police visited Teragwens and observed drug paraphernalia, including pipes and bongs used for drug consumption.  Based on the evidence, the Court concludes it is reasonable to find that the marijuana distribution scheme, which was allegedly operated out of Teragwens, and the sale of drug paraphernalia were part of a common series of acts or transactions that served Defendant's and Ms. Bowman's alleged

4

drug customers.  Accordingly, the Court concludes that the

offenses were properly joined.

        B.     <u>Whether Count VII Of The Indictment Should Be Severed</u>
              <u>For Trial So As To Protect Defendant's Right To Testify</u>
              <u>and To Prevent Undue Confusion For The Jury And Undue</u>
              <u>Prejudice To Defendant</u>

Even if counts are properly joined, a court may sever counts

if "a consolidation for trial appears to prejudice a defendant or

the government."  <u>Fed. R. Crim. P.</u> 14(a); <u>United States v.</u>

<u>Thomas</u>, 610 F.2d 1166, 1169 (3d Cir. 1979).  While this rule

gives the trial court substantial discretion, "mere allegations

of... prejudice are insufficient to justify severance... Instead,

a defendant must point to specific indicia of prejudice."  <u>United</u>

<u>States v. Slawik</u>, 408 F. Supp. 190, 215 (D. Del. 1975).  Where a

defendant contends that joinder prejudices the defendant's right

to testify at trial, the defendant must specifically identify

what her or his testimony will be.  <u>United States v. Gorecki</u>, 813

F. 2d 40, 43 (3d Cir. 1987) (citing <u>United States v. Montes-</u>

<u>Cardenas</u>, 746 F.2d 771, 777-78 (11th Cir. 1984) (A defendant

"must demonstrate that he or she has important testimony to give

on one count and strong need to refrain from testifying on the

other.")).

The Court concludes that a severance of Counts I through IV

and VII is warranted in this case.  Defendant contends that his

right to testify will be infringed by a refusal to sever because

he may choose to testify on one count and not the other.  In

support of this contention, Defendant argues that he may decide
to use the defense of entrapment in relation to the marijuana
distribution charges and that he may choose to testify that he
had no intent to sell drug paraphernalia on Count VII.  Although
the testimony Defendant has proffered in support of his Motion is
attenuated, the Court finds that it is sufficient to demonstrate
prejudice to Defendant's right to testify at trial.  Accordingly,
the Court will grant Defendant's Motion To Sever (D.I. 29).

**ORDER**

For the reasons discussed, Defendant's Motion To Sever (D.I.
29) is **GRANTED**.


January 25, 2006                         _____
                                         UNITED STATES DISTRICT JUDGE