

**U.S. Department of Justice**

*United States Attorney*
*District of Delaware*

| | |
|---|---|
| 1007 Orange Street, Suite 700 | (302) 573-6277 |
| P.O. Box 2046 | FAX(302) 573-6125 |
| Wilmington, Delaware 19899-2046 | |

April 25, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
J. Caleb Boggs Federal Building
844 King Street, Lock Box 27
Wilmington, Delaware 19801

    Re:    **United States v. Robert Cooke,**
             **Criminal Action No. 05-36-1-JJF**

Dear Judge Farnan:

     Enclosed please find a proposed plea agreement in the above-captioned case. The parties request that the Court schedule a Rule 11 hearing at its earliest convenience.

                                        Respectfully submitted,

                                        COLM F. CONNOLLY
                                        United States Attorney

CFC:taj
Enclosure

cc:    Edward C. Gill, Esquire

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 05-36-1-JJF |
| ) | |
| ROBERT COOKE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Robert Cooke, by and through his attorney, Edward C. Gill, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts Two and Seven of the Indictment. Count Two charges the defendant with possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). The maximum sentence the defendant could receive for Count Two is five years imprisonment, a fine of $250,000, three years of supervised release, and a $100 special assessment. Count Seven charges the defendant with offering for sale drug paraphernalia, in violation of 21 U.S.C. § 863. The maximum sentence the defendant could receive for Count Seven is three years imprisonment, a $250,000 fine, a one year of supervised release and a $100 special assessment.

2. The defendant understands that if there were a trial, the government would have to prove the following elements with respect to Count Two of the Indictment: (1) that on or about March 16, 2005, the defendant possessed with intent to distribute a mixture and substance containing a detectable amount of marijuana; and (2) that the defendant acted knowingly. With respect to Count Seven of the Indictment, the government would have to prove the following elements: (1) that on or about March 16, 2005, the defendant offered for sale drug paraphernalia; and (2) that the defendant acted knowingly.

3. The defendant admits with respect to Count Two that on March 16, 2005, he purchased from an individual acting as a law enforcement informant and then possessed with an intent to distribute in part approximately 10 pounds of marijuana. With respect to Count Seven the defendant admits that he and Gwennette Bowman were partners in a business known as Teragwen's Leather Toys and Lace, located at 1044 South DuPont Highway, Dover Delaware. He further admits that on March 16, 2005 and previously, he and Bowman offered for sale drug paraphernalia, including bongs, assorted pipes, smoking masks, roach clips, digital scales, and urine cleansing kits.

4. The defendant abandons any right, title, and interest that he may have in the drug paraphernalia seized by the Delaware State Police on or about March 16, 2005; agrees to execute all documents requested by the government to effect his abandonment; and agrees that the Delaware State Police may dispose of the drug paraphernalia in whatever manner it deems appropriate.

5. The United States represents to the defendant that based on the information available, the United States believes that the amount of marijuana reasonably attributable to the

defendant for sentencing purposes under U.S.S.G. §2D1.1 is at least 15 but less than 20 kilograms.

6. The United States agrees that for sentencing purposes Counts Two and Seven are "closely related" as defined by U.S.S.G. §3D1.2.

7. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a three-level reduction under U.S.S.G. §3E1.1(b), and will so move the District Court at sentencing.

8. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. The defendant recognizes that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney.

9. The defendant agrees to pay the $200 special assessment on the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

10. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

11. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____
Edward C. Gill, Esquire
Attorney for Defendant

_____
Colm F. Connolly
United States Attorney

_____
Robert Cooke
Defendant

Dated:

**AND NOW**, this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE JOSEPH J. FARNAN
United States District Judge
District of Delaware